JAMES O'LEARY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1900.*

EVIDENCE—*when evidence supports description in indictment of place of offense.*  An indictment describing the place where the accused was charged with keeping a gaming house as "a certain building by him then and there used and occupied, the said building being situated at and known as Harlem Jockey Club, in the town of Proviso," etc., is supported by the evidence, which was in the form of a stipulation of facts, in which the place was described as "a certain building then and there situated, on a certain race track (said track being a large lot and piece of ground enclosed by a fence,") etc., "then known as the Harlem Jockey Club, which said building was then and there situated in the town of Proviso."

*O'Leary* v. *People,* 88 Ill. App. 270, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

EDWARD H. MORRIS, for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and A. C. BARNES, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

James O'Leary was convicted in the criminal court of Cook county of the offense of keeping a gaming house, and a fine of $250 was imposed upon him.   He was tried before the court without a jury, by agreement, upon stipulated facts, no witnesses being heard.   The Appellate Court for the First District has affirmed the judgment of conviction.   Plaintiff in error now prosecutes this writ of error to reverse the judgments of the Appellate and criminal courts.

The only contention on the part of plaintiff in error is, that the evidence does not support the allegations of the indictment with reference to the description of the place where it is alleged the offense was committed. The indictment charges that defendant kept a "common gaming house in a certain building by him then and there used and occupied, the said building being situated at and known as Harlem Jockey Club, in the town of Proviso, in said Cook county," etc. The statement of the admitted facts contained in the stipulation, with reference to the place where the offense was committed, is as follows: "In a certain building then and there situated, on a certain race track (said track being a large lot and piece of ground enclosed by a fence, upon which there were a number of buildings and sheds and a race course,) then known as the Harlem Jockey Club, which said building was then and there situated in the town of Proviso."

Plaintiff in error attempts to urge that the stipulation does not admit or prove that the building occupied by the defendant was "known as Harlem Jockey Club, in the town of Proviso," but only admits that the building was "situated on a certain race track then known as the Harlem Jockey Club," and therefore there is a failure of proof as to a matter of essential description in the indictment which renders the judgment of conviction void. As before stated, the only proof in the case is contained in the stipulation of facts, and the inquiry therefore must be, what is the reasonable and proper construction of the language of that stipulation? There can be very little difficulty in reaching a correct interpretation of it. It is clear that the clauses "then and there known as the Harlem Jockey Club," and "which said building was then and there situated in the town of Proviso," have reference to the "certain building" previously mentioned in the sentence. By no construction can they be said to refer to the words "a certain race track," as contended by plaintiff in error. Not only is the foregoing the plain

grammatical construction of the language of the stipulation, but it is the only one which will give it an intelligent object or meaning. The objection of plaintiff in error is extremely technical, and wholly without merit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*